NOTICE

Decision filed 07/13/26. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

2026 IL App (5th) 250028-U

NO. 5-25-0028

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

NOTICE

This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Champaign County. |
| | ) | |
| v. | ) | No. 10-CF-1252 |
| | ) | |
| BRIAN D. MAGGIO, | ) | Honorable |
| | ) | Roger B. Webber, |
| Defendant-Appellant. | ) | Judge, presiding. |

JUSTICE VAUGHAN delivered the judgment of the court.
Justices Hackett and Bollinger concurred in the judgment.

**ORDER**

¶ 1    *Held*:  The dismissal of defendant's motion for leave to file a postconviction successive petition is affirmed where he failed to show sufficient prejudice.

¶ 2    Defendant appeals the denial of his motion for leave to file a successive postconviction petition, arguing that he proved cause and prejudice for his claim that appellate counsel provided ineffective assistance in failing to assert and develop sentencing challenges on direct appeal. For the following reasons, we affirm.

¶ 3                                 I. BACKGROUND

¶ 4    On July 22, 2010, defendant was charged with four counts of first degree murder (720 ILCS 5/9-1(a)(1), (2) (West 2010)) for the shooting of his brother, Mark Maggio, in a grocery store that the brothers jointly owned. On June 16, 2011, defendant pled guilty to a fifth count of first

1

degree murder (*id.* § 9-1(a)(1)) that was filed the same day. In exchange for defendant's guilty plea, the State dismissed the four other counts and limited its sentencing recommendation to 35-years' imprisonment. After a sentencing hearing, the court sentenced defendant to 35 years' imprisonment. Defendant filed a postconviction petition arguing that the sentence was void because it did not include the mandatory firearm enhancement and that a legal sentence would exceed the plea agreement's term that the State's sentencing recommendation would not exceed 35 years' imprisonment. In September 2014, the court granted defendant's postconviction petition and the matter was set for trial.

¶ 5    At the January 2015 jury trial, the evidence showed that on July 21, 2010, in the jointly owned grocery store, a physical altercation occurred between defendant and Mark. During the altercation, defendant pulled out a gun. Mark ran and headed toward the front door of the store. Defendant followed Mark and shot him. The jury convicted defendant of first degree murder of Mark.

¶ 6    Defendant refused to participate in the presentence investigation and thus did not complete the necessary forms or interview with court services staff. The presentence investigation (PSI) report noted that its information was based on a presentence interview of defendant on July 11, 2011, and Champaign County Circuit Clerk records. The PSI report showed defendant had no criminal history other than four traffic tickets. It further stated defendant was the father of two children, divorced, and self-employed for over 20 years. Defendant reported a history of alcohol abuse but never participated in any form of mental health or substance abuse treatment. The court sentenced defendant to a 65-year prison term. In doing so, it noted defendant's refusal to cooperate with presentence investigation services spoke volumes about his attitude and that it considered his refusal in measuring his rehabilitative potential. On direct appeal, the Fourth District affirmed

defendant's conviction but remanded for a new sentencing hearing based on the court's improper reliance on defendant's right to remain silent. *People v. Maggio*, 2017 IL App (4th) 150287, ¶¶ 49-50.

¶ 7    In September 2017, defendant filed a *pro se* postconviction petition alleging numerous constitutional violations at trial. The trial court summarily dismissed defendant's petition, which was affirmed on appeal. *People v. Maggio*, 2019 IL App (4th) 170948-U, ¶ 27.

¶ 8    Defendant's new sentencing hearing took place on October 12, 2017. Defendant participated in presentencing investigation services. In addition to the information found in the other PSI report, defendant reported excellent physical and mental condition. He also claimed his alcohol use was less severe than previously reported. Upon the request of the State, the court took judicial notice of the evidence at trial and the original sentencing hearing in March 2015. Defendant admitted several letters in mitigation, testified in mitigation, and made a statement in allocution.

¶ 9    In announcing its decision, the sentencing court noted this matter was remanded for a new sentencing hearing in which the court would not consider defendant's refusal to cooperate with court services. It stated:

"I do want to make clear that this court has, first of all, not considered that prior decision that [defendant] made not to cooperate with the process in any way. I am abiding by the Appellate Court's determination that he was exercising his Fifth Amendment rights.

But I do also want to comment that that factor was significant and telling in the court's comments at the time, as an indicator *** of the defendant's attitude and rehabilitative potential, only in that it was corroborative of all the other

3

evidence that was presented regarding his attitude, and the evidence the court had heard at trial. ***

To put it in context, in light of the fact this defendant chased down and executed the victim by shooting him in the back in a public store, with employees and customers around, the fact that he chose not to cooperate with the report process was not a compelling factor in swaying this court to impose 65 years of incarceration.

For the purpose of this re-sentencing I do want to make it very clear that I have not considered the defendant's past election or position in any way. I've considered only the appropriate evidence, by agreement of the parties presented to this court, the presentence report that was placed on file this date, the evidence from the trial, the agreement of the parties to consider the previous testimony from the sentencing hearing on March of 2015.

And I want to again make clear that there is no consideration whatsoever, and to those factors the court must not consider, I followed the mandate of the Appellate Court, and I want to make it clear as to the role that played, because I hope to spare this family a fourth sentencing hearing."

¶ 10    The court then discussed the tragic nature of the crime. It stated that Mark was just beginning his adulthood and defendant's actions left Mark's two children and wife without a father and husband. The court noted that the crime was unnecessary, unfathomable, and frankly unjustifiable, given there was no evidence of self-defense. The court noted factors in mitigation included that defendant had no prior criminal history other than petty traffic matters, was a business owner, contributed to the community, was a father to two children, and expressed remorse. After

4

further discussing the nature of the crime, the court imposed 39 years' imprisonment for first degree murder and a 25-year mandatory firearm enhancement for a total of 64 years' imprisonment.

¶ 11	Immediately after the sentencing hearing, defense counsel filed a motion to reconsider sentence. On October 25, 2017, counsel filed an amended motion to reconsider. The amended motion argued that defendant's sentence was "essentially a sentence of life imprisonment" that was excessive and a sentence closer to the minimum total of 45 years' imprisonment would not deprecate the seriousness of the offense. It contended that any threat of physical harm to others was speculative, since no evidence showed anyone else in direct risk of harm from the firearm. It also argued that the court improperly considered the effect of the loss of the victim's life on the family and gave too little weight to statutory mitigating factors and nonstatutory factors. The amended motion further asserted the court improperly relied on the murder being "an execution" where defendant shot Mark "in the back." It explained that Mark was shot in his right armpit and the bullet traveled into his chest cavity.

¶ 12	After a hearing on the motion on November 6, 2017, the court found nothing new in the motion to suggest the sentence was erroneous and it stood by its findings. It therefore denied defendant's motion to reconsider.

¶ 13	On appeal from the sentence, defendant's appellate counsel, the Office of the State Appellate Defender, filed an *Anders* brief arguing no colorable argument could be made that the sentencing court failed to follow the Fourth District's mandate or imposed an excessive sentence. *People v. Maggio*, 2019 IL App (4th) 170820-U, ¶¶ 2, 9. The Fourth District agreed. *Id.* ¶¶ 10-11. It specifically found that "no colorable argument could be made to suggest the trial court failed to

follow this court's mandate." *Id.* ¶ 10. With regard to the potential excessiveness argument, it found:

> "The court sentenced defendant to a term well within the sentencing range and, in doing so, made clear it carefully considered the evidence presented, the statement in allocution, the statutory factors in aggravation and mitigation, and the sentencing recommendations. We agree no colorable argument can be made to suggest the trial court imposed an excessive sentence." *Id.* ¶ 11.

¶ 14 On December 7, 2020, defendant filed a motion for leave to file a successive postconviction petition. The motion noted the successive petition included numerous ineffective assistance of trial and appellate counsel claims as well as due process claims. Defendant also filed the successive postconviction petition on December 7, 2020. Relevant here, defendant contended that appellate counsel was ineffective for failing to argue that his 64-year sentence was excessive and the sentencing court was vindictive in sentencing defendant due to being reversed on appeal.

¶ 15 Over the next few years, defendant filed additional exhibits and added claims to his successive postconviction petition. On December 2, 2024, the circuit court filed a memorandum and order denying defendant's motion to file a successive petition. The circuit court noted defendant's motion contained 67 issues. It fully addressed and explained the court's decision as to each issue. Regarding defendant's sentencing claims, the circuit court stated that the appellate court had already ruled on many of the issues raised by defendant. It stated in the June 2017 appeal of defendant's 64-year sentence, the appellate court agreed that no colorable argument could be made to suggest the trial court imposed an excessive sentence or failed to follow the appellate court's mandate. *Maggio*, 2019 IL App (4th) 170820-U, ¶ 9. The circuit court further stated, "defendant cannot show it was objectively unreasonable for his attorneys to refrain from presenting

6

noncolorable arguments to the court, nor that he would have succeeded in appealing his second sentence by making these meritless arguments, and defendants claims of ineffective counsel fail for defendant cannot establish prejudice." Defendant timely appealed.

¶ 16                                                    II. ANALYSIS

¶ 17    The Post-Conviction Hearing Act (Act) (725 ILCS 5/122-1 *et seq.* (West 2020)) provides a means whereby a criminal defendant can collaterally attack his conviction when it resulted from a substantial denial of his federal or state constitutional rights. *Id.* § 122-1(a); *People v. Hodges*, 234 Ill. 2d 1, 9 (2009). The Act allows the filing of only one petition without leave of court (725 ILCS 5/122-1(f) (West 2020)), and any claim not presented in the initial petition is waived. *Id.* § 122-3.

¶ 18    However, there are two exceptions to the bar against successive petitions. *People v. Harris*, 2024 IL 129753, ¶ 42. The first exception is where the petitioner establishes cause and prejudice from failing to raise the claim in an initial postconviction petition. *Id.* The second exception is to avoid a fundamental miscarriage of justice, which requires the petitioner to make a showing of actual innocence. *Id.* We review the issue under either exception *de novo*. *People v. Bailey*, 2017 IL 121450, ¶ 13.

¶ 19    Defendant here asserts the first exception, *i.e.*, cause and prejudice. "Cause" is shown "by identifying an objective factor that impeded his or her ability to raise a specific claim during his or her initial post-conviction proceedings." 725 ILCS 5/122-1(f) (West 2024). "Prejudice" is established "by demonstrating that the claim not raised during his or her initial post-conviction proceedings so infected the trial that the resulting conviction or sentence violated due process." *Id.* The procedural bar applies if the defendant fails to establish a *prima facie* showing of either requirement. *People v. Clark*, 2023 IL 127273, ¶ 47.

7

¶ 20    As the parties agree, defendant established cause. Defendant's conviction was affirmed on direct appeal on June 15, 2017. *Maggio*, 2017 IL App (4th) 150287. The Act requires a defendant to file the postconviction petition within six months of the deadline for the filing a petition for certiorari. 725 ILCS 5/122-1(c) (West 2016). Thus, defendant's initial postconviction petition was due in early 2018. Appellate counsel did not move to withdraw until November 30, 2018, and the appellate court did not allow counsel to withdraw until June 5, 2019. Because appellate counsel moved to withdraw, the motion was granted, and the appeal of his sentence was resolved after the deadline for the initial postconviction petition passed, defendant could not have challenged counsel's ineffectiveness for failing to raise issues related to his resentencing in his initial postconviction petition. He therefore established an objective factor that prevented him from raising any error regarding appellate counsel's representation on appeal. See *People v. Harris*, 224 Ill. 2d 115, 134 (2007) ("It is difficult to conceive of a more obvious case of cause for failing to raise a claim of ineffective assistance of appellate counsel in the initial proceeding than that the statute of limitations required that the petition be filed before the defendant's brief had been filed in the direct appeal.").

¶ 21    As such, we next address whether defendant established a *prima facie* case of prejudice. To do so, we must determine whether defendant established a *prima facie* case that counsel was ineffective. A criminal defendant has a constitutional right to effective assistance of counsel. U.S. Const., amends. VI, XIV; Ill. Const. 1970, art. I, § 8. Claims of ineffective assistance of counsel are evaluated under the two-prong test set forth in *Strickland v. Washington*, 466 U.S. 688 (1984). *People v. Albanese*, 104 Ill. 2d 504, 526 (1984) (Illinois Supreme Court adopting the *Strickland* standard). With claims of appellate counsel failing to raise sentencing issues on appeal, defendant must show that the failure to raise the issue was objectively unreasonable and that there was a

reasonable probability that his sentence would have been reversed had appellate counsel raised the issue. See *People v. Mack*, 167 Ill. 2d 525, 532-33 (1995).

¶ 22 Defendant argues that he established *prima facie* prejudice because he would have received sentencing relief on appeal had appellate counsel developed the challenges to his sentence. Defendant contends appellate counsel should have argued that (1) there were mitigating factors that warranted a lesser sentence, (2) the trial court sentenced defendant based on its animosity resulting from being reversed on appeal, and (3) defendant's first sentence, after pleading guilty, was half the length of his current sentence.

¶ 23 The State argues that the Fourth District's disposition, *Maggio*, 2019 IL App (4th) 170820-U, addressing whether defendant's 64-year sentence was excessive bars, under *res judicata*, any ineffective assistance of counsel claim regarding the same. It explains the Fourth District found any excessive sentence claim was meritless and appellate counsel could not render insufficient representation by refusing to argue a meritless claim. Alternatively, the State contends that the 2019 appeal is law of the case, which also defeats defendant's claims.

¶ 24 The doctrine of *res judicata* precludes consideration of arguments that were or could have been presented in the direct appeal. *Rein v. David A. Noyes & Co.*, 172 Ill. 2d 325, 335 (1996). Defendant's claim here is one of ineffective assistance of appellate counsel, which he could not raise until the appeal and appellate counsel's representation was complete. Thus, *res judicata* does not apply to defendant's ineffective assistance of appellate counsel claims.

¶ 25 The law of the case, however, defeats defendant's ineffectiveness claim regarding the excessiveness of his sentence. The law of the case doctrine generally bars relitigation of an issue previously decided in the same case. *People v. Hopkins*, 235 Ill. 2d 453, 469 (2009). It applies when a reviewing court decided an issue on the merits and the determination is final. *People v.*

9

*McNair*, 138 Ill. App. 3d 920, 922 (1985). In the previous appeal, the Fourth District held that "no colorable argument can be made to suggest the trial court imposed an excessive sentence." *Maggio*, 2019 IL App (4th) 170820-U, ¶ 11. Following the Fourth District's holding that any excessive sentence claim is meritless, appellate counsel cannot be held ineffective for failing to raise such meritless claim. See *People v. Smith*, 195 Ill. 2d 179, 190 (2000) (appellate counsel does not render insufficient representation by failing to raise a meritless issue on appeal).

¶ 26    Defendant argues that the Fourth District's grant of appellate counsel's motion to withdraw is not a decision on the merits and no substantive sentencing issue was decided. Citing *United States v. Wagner*, 103 F.3d 551, 553 (7th Cir. 1996), he further argues the Fourth District addressed the issue "without the record scrutiny it would have undertaken had it been presented with well developed sentencing arguments like those that would have appeared in an appellate brief." He contends that the appellate court addressed only the *Anders* motion and whether counsel was permitted to withdraw, without deciding the sentencing claims. He thus asserts that the appellate court's order agreeing with appellate counsel's decision to withdraw cannot be substituted for an appellate court's review of issues on their merits. We find his arguments lack supporting authority.

¶ 27    Defendant misconstrues *Wagner*. *Wagner* holds that a reviewing court need not independently scour the record for additional issues that may not be frivolous but were not raised in appellate counsel's *Anders* brief. *Id.* However, defendant overlooks *Wagner*'s additional statement indicating that the court's duty in addressing an *Anders* motion is "to determine whether counsel is correct in believing those grounds frivolous." *Id.* If the court "finds any of the legal points arguable on their merits (and therefore not frivolous) it must, prior to decision, afford the indigent the assistance of counsel to argue the appeal." *Anders v. California*, 386 U.S. 738, 744 (1967). As such, while the court was not required to search the record for any and all arguments,

it was required to address the merits of the potential issues raised by appellate counsel and determine whether the issues were arguable.

¶ 28    A determination on the merits need not always be explicitly stated. See *McNair*, 138 Ill. App. 3d at 923 (inferring the reviewing court determined the record failed to support suppression of the identification evidence where the State challenged and the appellate court reversed the trial court's order quashing defendant's arrest and suppression of evidence in its entirety). In this case, appellate counsel raised the potential issue of the sentence being excessive and the Fourth District agreed such argument was meritless. Accordingly, without authority supporting defendant's position, we adhere to the Fourth District's determination of the issues. Appellate counsel therefore could not be ineffective for failing to develop such argument further. See *People v. Bradford*, 2019 IL App (4th) 170148, ¶ 14 (counsel cannot be ineffective for asserting a meritless objection).

¶ 29    Defendant is correct, however, that the Fourth District did not explicitly address his ineffective assistance claims regarding his arguments that the court had personal animus about the prior sentence hearing being reversed or his current sentence being twice as long as the sentence he received after initially pleading guilty. Even assuming the law of the case does not also preclude these more specific excessive sentence arguments, defendant still cannot show prejudice.

¶ 30    We first note that the sentencing disparity after his plea and trial was not raised as a basis for sentencing relief in his motion for leave to file a successive petition or within the petition itself. Defendant has therefore waived this issue. *People v. Jefferson*, 345 Ill. App. 3d 60, 71 (2003). However, we would be remiss in failing to note the irony of defendant's argument in this respect. Defendant complains that his 64-year sentence is 29 years longer than the 35-year sentence imposed after his guilty plea. His argument conveniently ignores that he requested, and was granted, reversal of his guilty plea because the 35-year sentence was not authorized by statute. To

11

clarify, defendant was convicted of first degree murder, after pleading guilty and again after his trial. The potential sentencing range for first degree murder is 20 to 60 years. 730 ILCS 5/5-4.5-20(a) (West 2010). Here, however, a mandatory 25-year firearm enhancement is applicable. *Id.* § 5-8-1(a)(1)(d)(iii). Consequently, the minimum potential total sentence is 45 years. Thus, while the disparity between the two sentences seems extreme, 25 years of the disparity is due to a statutorily mandated enhancement that was absent from defendant's first sentence. Indeed, without consideration of the 25-year firearm enhancement, defendant's current sentence is only four more years than the sentence imposed after pleading guilty.

¶ 31    Moreover, the mere fact that the court imposed a sentence higher than that offered and imposed after a guilty plea does not mean the sentence was made in error, unless the record shows the sentencing court was imposing a "trial tax." *People v. Moore*, 2023 IL App (1st) 211421, ¶ 135. Defendant did not contend a trial tax was imposed after his trial and does not contend in this appeal that such trial tax was imposed. Rather, based on the court's statements at the sentencing hearing, defendant argues that the sentencing court acted in retaliation for being reversed on the 65-year sentence. We find the sentencing court's comments were merely an explanation of its previous sentencing decision. In no way did the court's comments indicate a retaliatory intent for being reversed. We thus find this argument meritless as well.

¶ 32    A court should deny leave to file a successive petition "when it is clear *** that the claims alleged by the petitioner fail as a matter of law or where the successive petition with supporting documentation is insufficient to justify further proceedings." *People v. Smith*, 2014 IL 115946, ¶ 35. Given that all the asserted arguments challenging defendant's sentence would have been meritless, appellate counsel was not ineffective for failing to argue in favor of such arguments on

12

appeal. Defendant therefore failed to establish the necessary prejudice for a successive postconviction petition, and the circuit court did not err in denying defendant's motion for leave.

¶ 33                                  III. CONCLUSION

¶ 34    Defendant failed to establish a *prima facie* case of cause and prejudice where his ineffective assistance of appellate counsel claims were meritless. Accordingly, we affirm the denial of his motion for leave to file a successive postconviction petition.

¶ 35    Affirmed.